IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,997






EX PARTE WILLIAM MICHAEL MASON








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 620074 IN THE 228TH DISTRICT COURT

HARRIS COUNTY



 


 Per Curiam. 




OPINION


 Applicant was convicted in March 1992 of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Mason v. State, 905 S.W.2d 570 (Tex.
Crim. App. 1995), cert. denied, 516 U.S. 1051 (1996). 

 Applicant's initial habeas application was filed in the convicting court on August 18,
1997. His first subsequent application was filed pro se in the convicting court on October
19, 1999. His second subsequent application was filed pro se on September 14, 2001. All
three applications were received in this Court on January 27, 2010. We denied relief on
applicant's initial writ and dismissed his second subsequent application. Ex parte Mason, 
Nos. WR-73,408-01 & -03 (Tex. Crim. App., Apr. 14, 2010). We dismissed applicant's
first subsequent application except for one allegation that we held satisfied the requirements
for consideration of a subsequent application under Texas Code of Criminal Procedure
Article 11.071, § 5. We remanded the following issue to the trial court for consideration of
the merits: the trial court erred in denying his properly requested mitigation instruction at
punishment and providing instead a nullification instruction that did not allow the jury to
consider and give effect to mitigating evidence presented at trial. Ex parte Mason, No. WR-73,408-02 (Tex. Crim. App., Apr. 14, 2010). The habeas court subsequently entered
findings and conclusions, but made no recommendation to this Court.

 Reviewing the case after remand, the record shows that the mitigating evidence
presented by applicant is the sort of evidence that the United States Supreme Court has said
is not encompassed within the previous statutory special issues. See Abdul-Kabir v.
Quarterman, 550 U.S. 233 (2007); Brewer v. Quarterman, 550 U.S. 286 (2007); Smith v.
Texas, 550 U.S. 297 (2007). Applicant presented mitigating evidence at the punishment
phase of trial tending to establish that: applicant had a troubled childhood in which he was
abused, he witnessed his mother being abused on numerous occasions and his sisters being
sexually abused by his step-father; applicant has been diagnosed with an antisocial
personality disorder; and applicant had a long history of drug abuse that began at age 14.

 This Court has reviewed the record with respect to the allegation made by applicant. 
We note that the former statutory special issues did not provide applicant's jury with an
adequate mechanism for exercising its reasoned moral judgment concerning whether
applicant's mitigating evidence warranted the imposition of a life sentence rather than the
penalty of death. Therefore, based on our own review, and because some of the mitigating
evidence presented at applicant's trial is the type of evidence for which he was entitled to a
separate vehicle for consideration, relief is granted. We vacate applicant's sentence and
remand the case to the trial court for a new punishment hearing.


Delivered: March 20, 2013

Do Not Publish